I need to begin with a footnote, because I'm the first one at the podium. About a month ago, Mr. Smith, the counsel for Mr. Elliott, was advising that Mr. Elliott about a month ago. Did you file anything? We did not, and part of the reason is because we usually wait to file things until we get a death certificate. We've been waiting on a death certificate. I'm not suggesting that Mr. Elliott is walking around live outside. I have no reason to believe that he isn't, but that's the first reason why we haven't filed anything. The second is because both Mr. Smith and I agree that the death of Mr. Elliott does not affect the case before you today, both in this oral argument and in the other matter for which you took oral argument off calendar. And I can discuss that further, but if you'd like. Well, for today, why don't we go forward and hear the argument we're all planning to hear and prepared to hear, and then we can circle back and I'll check with my colleagues to see if there's additional questions about this new development. How's that? Okay, that's fine. I will say, for example, if the debtor's discharge is revoked, which is what we're urging the court to do on remand is to instruct the bankruptcy court to enter a new judgment revoking the discharge, then the debtor's pre-petition creditors, those who had claims prior to the filing in December of 2011, would still be able to go after the debtor's post-petition assets and income, whereas if the discharge is not revoked, those creditors cannot go after the post-petition assets and income. And that's why this particular matter that we're here for oral argument on is not moved. We understand, but your time is ticking, so let's get to your argument, please. Your Honor, we're here really not so much on the bankruptcy court's judgment dismissing the revocation claim for lack of jurisdiction, but rather because the BAP decided that the bankruptcy court needed to do so in April 2015. The BAP made this decision for three reasons. First, the BAP looked at the Supreme Court's case in Contract and misinterpreted that case to say that if a time bar is contained within a statute, it's jurisdictional, whereas if a time bar is contained in a court-made rule such as the Federal Rules of Bankruptcy Procedure, it's not jurisdictional. Subsequent, I'm not sure that Contract actually said that. Subsequent Supreme Court cases as well as cases by this Court confirmed that that is not actually true, that just because a time bar is found within a statute does not mean that it's jurisdictional. Assume the BAP was wrong on this one. Where do we go from there? The second argument, the second reason that the BAP made this decision was it relied on the Anderson case, which was the First Circuit BAP case. And when we look at the Anderson case. They followed the First Circuit BAP because they liked it better than the other decisions that were made by appellate courts. But assume the BAP was wrong on this. Where do you go from there? If the Ninth Circuit BAP was wrong as opposed to the First Circuit BAP? Yeah, where do you go? They've been wrong before. The BAP does a good job, but when they're wrong, they're wrong, and we say they're wrong because we get to do that. I'm just saying, so you assume they're wrong. Yes, Your Honor. Yeah. Where do we go from there? Then the court should obviously overrule or abrogate or whatever the proper term would be the BAP's decision and remand the case to the bankruptcy court to reinstate the original judgment revoking the debtor's discharge. Counsel, can I ask a little bit? I don't know a lot about bankruptcy. I'll just tell you I didn't practice in the area very much. So I want to put that on the table and warn you both so you can educate me. But there's no time limit to go back and reopen, right? That's correct. Okay. And so when we look at this difference between whether or not something is waivable or not, whether this time limit is waivable or not, whether we're talking about a true statute of repose, which is what the BAP thought. One interest, of course, is we look at bankruptcy and think discharge, and we immediately think, well, this is sort of the ultimate interest in finality, the interest in being able to turn the page, start over, whatnot. And that's how a discharge strikes me, certainly. But I'm not so sure about that. There's this one-year time limit for seeking to revoke the discharge, but no time limit at all in seeking to reopen. Do you want to speak to that? That's correct. I'm not sure that there is. In other words, so how does the discharge really guarantee finality? I think, Your Honor, that a motion to reopen does not necessarily. It may, under equitable tolling principles, under the right circumstances, it may toll the one-year statute under Section 727E, but I think as a general rule it would not. So I think that there is some finality there. Now, the focus on statutes and limitations versus statute of repose, which we find in one sentence in the BAP decision, which I think was pretty important to the BAP based upon the comments they made at oral argument, which I happened to be attending, even though I wasn't counsel for the trustee at the time, is that they seem to view statutes of repose as being per se jurisdictional. That also is not supported by any of the cases that we've been able to locate. Certainly the Supreme Court cases have never said, well, this particular statute is a statute of repose or a statute of limitation, and therefore we find this one is jurisdictional and this one is not. The Supreme Court doesn't seem to care. But they are right. They are right that if it were truly a statute of repose, the opposing party could have waived the one-year limit, right? They are right about that. I think they actually ruled the opposite direction. I'm suggesting the opposite, counsel. You're saying that you think that the statute of repose, I think you said, wouldn't necessarily be jurisdictional. Isn't that right? I think that's definitely the case. A statute of repose is not jurisdictional. But if it is a statute of repose, there is case law, and this was discussed, for example, I believe, in the dissent in Wong, that equitable tolling may not apply if it's a statute of repose instead of a statute of limitations. Maybe I can do it this way. Do you draw a distinction? Forgive me for interrupting, but it may be that we're using terms differently. Do you draw a distinction between a statute of limitations, a mandatory statute of limitations, and a statute of repose? Or do you put these into two buckets rather than three? I put them into two buckets. Ah, that's the problem. Okay. My paradigm is a little different than yours, so please go ahead. All right. So a statute of limitations, what we know, is non-jurisdictional, unless Congress has specifically indicated otherwise. There's no indication that Section 727E is intended to be jurisdictional. We can look at the text of the statute. We can look at the placement of the statute. It's not found in Title 28. We can look at the interpretive history. We don't have cases from the 1880s, such as in Bowles or John R. Sand and Gravel, which look to that sort of a history. There's just nothing that indicates that Section 727E. Actually, more than that, right, because the statute back in the 1880s said that the court shall, it spoke to what the powers the court could or could not exert, and it was amended. Now the statute talks about when the trustee may bring the motion to revoke. Right? It's always said that the trustee may. Section 727E. I think not. I think not, but go ahead. In any event, Your Honor, there's a number. The fact that it says that the trustee may file a revocation proceeding within one year after the discharge is entered doesn't, in our estimation, doesn't make it a statute of repose. It's still a statute of limitations. Quite the contrary. It's not speaking to the power of the court. Right? The question of whether it speaks to the power of the court is a question of whether or not it's jurisdictional. Okay? A statute of repose is a state. I'm a little frustrated because I've asked about four questions where I think you'd be saying yes, because I think they're favorable to your position, but you don't seem to. I think the distinction might be that you're not drawing a distinction between a statute of limitations and a mandatory statute of limitations. I think that might be the difference. And you recognize that in the case law we've carved out, there's a separate category there. But I'm not trying to ask trick questions. I really was trying to get at the merits of the attributes of the provision, so I'll get out of your way. Go ahead with your argument. So, I'm sorry. I really apologize. You don't owe me an apology. I think I just pressed a point that wasn't really very productive for our argument. Go right ahead. I promise. I'll ask no more questions. Go right ahead. I'm not helping. All right. So from my perspective, Section 727E is a statute of limitations. It's what? Because it is triggered by the harm. The difference between a statute of limitations and a statute of repose is that the statute of limitations starts a certain time for filing a claim from the time of an injury or the time of a harm. In the bankruptcy context, when the court enters an order discharging the debtor of its prepetition debts, that is the time at which the harm occurs. The harm isn't necessarily cursed by all the fraud and everything else that occurred prior to the entry of the discharge. So as a result, the one-year time period starts from the date on which the discharge is entered. It's a statute of limitations, and therefore we believe that the statute of limitations cases kick in. And the Supreme Court is clear, I think, that Section 727E is non-jurisdictional. The BAP seemed to view it and did view it as a statute of repose. And the BAP incorrectly believes, at least by implication, that a statute of repose is per se a jurisdictional time bar. That also is incorrect. The statute of repose does not implicate a court's jurisdiction. What a statute of repose can do is it may bar equitable tolling, which is not a jurisdictional issue. It's a separate issue. And the reason why the statute of repose statute of limitations distinction is irrelevant here is because this is not an equitable tolling case. This is a forfeiture case. The defendant failed to raise limitations as a defense, and as a result, under controlling law, it was waived. It was never raised in the answer. It was never raised in response to the motion for summary judgment. Can I ask a different question that follows up on the question you got from Judge Wallace earlier? If we agree with your argument that the BAP erred on this jurisdictional versus non-jurisdictional issue, you know, normally if a lower court failed to reach the merits of something because it thought there wasn't jurisdiction and we disagreed with that, we wouldn't just reach out and decide the merits ourselves in the first instance. Normally we would send it back and say, you, lower court, decide the merits. You, in response to Judge Wallace's question, said that, no, we should just reinstate the bankruptcy court's judgment, which would, in effect, resolve the merits of the appeal that you all thought you were going to battle out before the BAP. Before the BAP just stuck the question all together. So I wanted to hear what you had to say as to why you think we should just not only reverse on the jurisdictional point but then also decide the merits of the ‑‑ I don't even know what the underlying merits are, to tell you the truth. In anticipation of this concern, in our opening brief, we included a section where we discussed why it is that the court should ultimately affirm the summary judgment that was entered by the bankruptcy court. The defendant actually admits here that the facts as alleged support a summary judgment under Section 727E, sorry, 727D1, the defendant's only argument is that all the lies and all the misstatements made in the schedules and everything like that were the fault of her prior counsel. And we provided you cases which show that that's not a good defense. And, of course, the facts actually show that there was more than just statements made with the assistance of counsel. There was actual perjury at a ‑‑ under penalty of perjury. He falsely testified at his 341A hearing. And we raised that issue in our opening brief, expecting that the issue wouldn't be waived by the debtor's counsel. But the debtor's counsel never addressed that. The debtor's counsel is hanging its hat now on only this question of statute of limitation versus statute of repose. I've got about a minute and a half. But your answer is basically that they've waived any opportunity now to contest that. That's correct. That's correct. A long way of saying so, but that's the answer. Okay. All right. Good morning, Your Honors. If it pleases the Court, Andrew Smith for Appelli. I think the BAP, I'm sure the BAP was right on Condric, and not just the BAP was right on Condric, but the Court should follow that reasoning. And they did not misconstrue it. Condric said if the limitations was in a court rule, it's not jurisdiction. Congress and statutes decides jurisdiction. But that they did not say that a limit in a statute must be jurisdictional. This is what the trustee sets up, and they did not say that. The BAP made a very good point that 727E is kind of a special statute, and it makes a stronger argument on jurisdictional than most, almost all the other statutes. BAP said that 727E was the grant of the power and the limitation at the same time in the very same sentence. When you're talking about the reach of a statute, the first place you look is to the statute. It's not common law. The whole right exists because of the statute and is limited by the statute. So there is no common law that a court can revoke a bankruptcy discharge. 727E is not simply a time limit statute. It creates the right, and it delineates it. The confusion here is the way time is being used, and it's in two completely different ways. If you have a statute or a, well, usually they're rules, but let's say even a statute says you must, you have a claim, you've got a year to file it. Well, that's time, but time can be a delineation, and Judge Souder and the dissent, which I don't want to really argue against the dissent, but I think it kind of illustrates that that's the most recent Supreme Court cases on our side. But Judge Souder said correctly a time limit can delineate the boundaries of a statute. And just because it's time, now you suddenly say, well, we're going to toll it or something. You're not really tolling it. You're expanding the jurisdiction of the court to look back to do something. I don't know if it's a great analogy, but in state court there's time limits on, in California state court, for example, on when you sell your house and you have a pot of money, 75,000. That has a protection that doesn't come from the common law. There's a statute in California that it's protected for six months. Nobody, it doesn't say in the statute, oh, this is jurisdictional, and no one argues that it is anything but, because after six months and one day the trustee will take the money. The trustee seems to say the Supreme Court. Getting to the real issues we have before us, you don't disagree that BAP was wrong when it said that if the limitation is in any statute, any statute at all, that it's jurisdictional. Well, they didn't say that. If they said that, they could be wrong because there are, just because it's in a statute, Congress could say here's a limitation and the Congress could say it's not jurisdictional. But this is a particular statute. If you look at all the- Get back to Judge Wallace's question. It would really be helpful because your time is ticking. And it seems to me that Judge Wallace is right, that what the BAP looked to was that this particular time limit comes from a statute and then concluded that it was jurisdictional. No, no, no. Not, they were very, not because per se it's a statute. That's the misconception here. And they made a very big point to say it's this statute. It's this particular statute. Okay, so let's look at the attributes of where we draw the line. We know from the United States Supreme Court that most time bars are not jurisdictional, right? We know that from a recent United States Supreme Court case. Well- Just trust me on that one. I would know the most recent case, is it that one? I'm trying to find the one where it started, Souter made his dissent. Most are not. Okay. And then we look to see where it is in the statutory scheme as opposing counsel mentioned, right? And most statutes have proposed a very long period of time. This one is just one year. There are a lot of attributes about this particular statute that really cut against you, I think. And I'm waiting for you to address them. That would be helpful to me. No, Your Honor. You know, I thought of that. And when I looked through the list of cases, there's one thread or facts that seemed to, I thought, well, am I right or wrong about this? So I looked at all the cases they cited. And sure enough, not one of them had the attribute of 727E where the very grant of power also had its limitation. Every single one had a separate statute. Some were generic statutes like the federal file a civil case in six years. And then there was the statute that gave the time limit. Well, how about Shrine-Henderson? Pardon me? The Supreme Court. I read Henderson. I read Wong of the Ninth Circuit. You think those cases were wrong? No, I think the most recent decision of the Supreme Court bowls. And by the way, the trustee sees himself, I think, as big problems. Well, I understand. Now you're going off on another tangent. I ask you a specific question. Tell me why Mendelsohn and Wong are not in opposition to the position you're taking. Because they're not the same facts of the law here. We don't have to have identical facts. If we did that, we'd do nothing but have cases up here. The statutory scheme is that in those cases the limit is in a separate statute. But if the limit is in the very sentence and statute gives the court the power, how can the court then say, well, we've got much more power? The illustration of good... Now, you said you've read Henderson. You say that's your interpretation of Henderson? I looked at the... Is that your interpretation of Henderson? If I'm mistaken, it didn't have, my memory is it did not have, and no case has as we have here, the limitation and the grant of power... Our case in Wong? Same sentence. Same thing? You read Wong, did you? And you come up with the same conclusion? Your Honor, I may or may not remember them correctly, but I am quite certain this pattern will, and the court hasn't told me I'm wrong, will that the limitation is in a separate statute. It's not in the very statute granting the power. I would like to mention the Power IV-E, the statutes which no one seems to argue about to appeal. If you miss your time limit to appeal, and they're not labeled by Congress as jurisdictional, and you've missed your time limit, then the court has no more power than I would tell Joe Smith out in the street to do something. The power is gone. And the most recent expression of the Supreme Court is very strong on that. This is where a district court told a person, you've got a few, you've got 17 days to appeal. He only had 14 days. Of course, Judge Sluter thought how unfair the court gave you 17 days, and you appealed three days after the statute. Well, the Supreme Court in the most recent opinion on this in Bowles says, well, we're sympathetic, and this is terrible, et cetera, et cetera. We don't have the power. We don't have the power because the power to hear appeals, as your honors know, the first thing you put in your appeal brief is jurisdiction. And you say, we filed within time, there's jurisdiction. Meaning if we didn't file in time, there's no jurisdiction. So even in something so inequitable as a court tells you you have 17 and you believe them and you lose, the Supreme Court in the most recent case, and that's why I think the trustee knew they had to deal with it, so they quoted a dissent. The case itself says if it's in the statute that grants the power, it delineates the power. Again, I think the misconception is because the word time is there. Time can be a boundary on the power of a court to do something. Would the trustee argue that, your honor, Judge Kristen mentioned the policy of fresh start and repose. Of course, sometimes legal cases must end at some time, and we all know that they must sometimes end when they're not exactly correct. Would the trustee argue we could go 20, 30 years? One of the main features of bankruptcy is the fresh start, and you're not going to be bothered. Could you get back to my first question on that point? I know I'm interrupting, forgive me. Sure. But is it really a fresh start? Is it really finality that is served by this one-year time limit? Because we know that the creditors can still reopen, and there's no time limit for that. They're completely different things. On that side. So would you like to speak to it? Because I've been trying to get you both to answer the question. Having practiced in bankruptcy for a long time and reopened literally hundreds of cases, you don't reopen them to revoke a discharge. It's a separate step. I didn't suggest you do, counsel, but I'm talking about the interest of finality because we're trying to get back to the attributes that really have nothing to do with bankruptcy. We're analyzing the statutory scheme to try to figure out whether this is a statute of repose, whether it's jurisdictional, whether the defense could be waived, right? I think we all recognize that. And so to that extent, I'm looking to see whether or not a discharge really does guarantee finality, given that in bankruptcy it recognizes a different thing. But nevertheless, the creditors have no limit on their ability to come back and reopen if they show fraud, right? Well, I would like to answer that because what happens is the creditors may want, the only reason they might want to reopen is to revoke the discharge, but they can't. Finality is special for the debtor. It's to tell debtors you'll be finished, you can put this behind you, you can't. You don't have to order your life for 20 years with your creditors over your, you know, looking over your shoulders. And I was saying, Your Honor, in practice, what reopening is always, almost, I can't think of a case when it's almost, it's always done for the creditor either to remove a loan lien you could have removed but you forgot to remove a judgment lien, or for an order to show cause for contempt because somebody's disobeying the discharge injunction. So all of the reopening is actually servicing the idea of finality to keep these creditors away. And if they start disobeying the discharge injunction, then you reopen. There's no reopening except for revoking a discharge for a creditor. There's no other reopening that I can think of, and maybe the trustee will think of it himself, but where a creditor will reopen to have another go at the debtor. But, again, we're talking policy, and I think... To the extent there's an opportunity to have another, that's what I'm getting at, counsel. Pardon? That's what I'm getting at. To the extent there's an opportunity to reopen, to use your words, to have another go at the debtor, how does the discharge, which is limited to one year at least by statute, or the ability to revoke the discharge, how does the discharge really guarantee finality? Well, as we all know, it's not that the debts disappear, but it's a permanent injunction, and it guarantees finality unless you've lied, you've cheated, you haven't added assets, and then even there there's going to be some finality because the trustee will only have a year because it probably goes towards involuntary servitude because, in other words, if debts could never be got rid of, that's why we have bankruptcies. We don't have bankruptcy prison. If debts could never be got rid of, we would have people ordering their lives, hiding assets, not being productive because something will get me from my creditors. I can't think of it, not just that I don't want to think of it, but I can't think of anything other than revoking a discharge, how a creditor could come back and, let's say, bother the debtor. It's only the debtor who can come back to enforce the discharge injunction or to remove a lien. So even policy-wise, whether we label it a statute of repose or not, there has to be a time. The whole bankruptcy scheme would somewhat absolutely disappear once some young lawyer asks me, why is there bankruptcy? It's crazy to let people out of their debts. I say, well, it's because we can't. We don't. Judge Watford has a question. Your time is ticking down. Well, I say we don't have debtor's prison. Hang on a second. Counsel, counsel, please. Counsel. Yeah. Yeah, right here. So your opponent argues that if we were to reverse the BAP on the jurisdictional point, rather than remand for the BAP to consider the merits in the first instance, we should just reinstate the Bankruptcy Court's judgment, and he argues that because you have in effect waived before our court any right to contest the merits of the underlying judgment. What's your response to that argument? Well, that would be somewhat begging the question, using what we're trying to decide as an argument against the appellee. We're trying to decide if it's jurisdictional. If it's jurisdictional, I can't waive it. I can't confer jurisdiction by making a mistake, and now the court can do things that Congress never gave it the power to do. That's what the Bowles said, where a much more arguable type of equitable relief was that, as I said, the district court said, you have 17 days. The person took 16, but he only had 14. So we simply, the court says, we simply don't have the power. Counsel, we're really familiar with Bowles. We just issued an en banc decision pretty recently. Judge Watford and I both sat on the case. So we're all over Bowles. We understand that point. We understand that point. All right. Well, again, the final question would be, what would, if the one year, again, the power is converted and the statute has its time limit and power, what would the time limit be? Would it be 30 years? And, again, I asked my opponent to mention, and Justice Christen's question is, when would there be a reopening by a creditor to do anything but revoke? That's all the reopening would be done for by a creditor. Thank you, Your Honor. Thank you. Counsel? Can I go straight to the question? You and I miscommunicated earlier, but I'm trying to get to E1. I've got the statute here, and I have double-checked it. It says the trustee, a creditor, or the United States may request revocation within one year. So it doesn't speak to the power of the court. That's absolutely true. It does not speak to the power of the court. When you were first at that, I was trying to get you to acknowledge that earlier, and I thought maybe did you not understand the question? I must not have understood. Or were you talking about it? I'm not trying to beat you up. I'm trying to figure out whether you were talking about a different part of the statute. Were you looking at D, considering D, or? You know, I don't remember. I'll have to watch it on the video, but it does not speak to the power of the court. Absolutely not. But it used to. In the 1880s, it did. Under the Bankruptcy Act? The Bankruptcy Code was enacted in 1978. Yes. This provision could not have existed in the 1880s. Yes, counsel, I understand that. But you know what? Just go right ahead. Knock yourself out. Please. Your Honor, I want to answer the question that you asked. I thought I asked it before, but even I seem to not be on the same page. My fault, obviously. With respect to the finality question. Okay. Okay. You are right. There is a one-year statute of limitations for bringing an action to revoke a discharge. The reopening of the case, the closing and the reopening of the case, does not in and of itself extend that time. Right. Okay, so there is finality. It is possible that that provision, the one-year provision, is subject to equitable tolling under the right circumstances. But it depends on what it is, counsel. It depends on what it is. It depends on whether or not it's a statute of limitations, a mandatory statute of limitations, or a statute of repose. Your statement might not be correct. Okay. Even if it is not subject to equitable tolling, it is subject to forfeiture and waiver. Right. Okay. And this is a forfeiture case, not an equitable tolling case, which is why we haven't briefed the equitable tolling issues. Now I'm happy. You got there. Now we're communicating. Right. And so my point in discussing the statute of repose, one of my responses with respect to the BAPS analysis, this is a statute of repose, is a statute of repose, when you look at the cases and you really dig down, you look at Anderson, you look at the cases that Anderson relied on, these are all focused on whether equitable tolling applied to Section 727E. Even though they called it, these were drive-by jurisdictional rulings, as the Supreme Court refers to them. Okay. But equitable tolling is irrelevant to this proceeding. This is a forfeiture case. Right. The BAP raised this sua sponte, right? The BAP raised this sua sponte. That is correct. And the reason the BAP raised it sua sponte is because the BAP thought it was jurisdictional. And I don't quarrel with the fact that they looked at their jurisdiction. They just got it wrong. Right. So if they did get it wrong, as we're now coming full circle, as Judge Wallace asked you at the beginning, assume they were wrong. If you just go with that, then what happens? Then the court should reverse, abrogate, whatever the appropriate term would be. The BAP decision from April 2050 is a little weird because of the procedural way of how we got here. Well, actually, we're going to review the bankruptcy court. We don't review BAP. We let them know they're wrong. But we don't – there's no appeal from BAP to our court. We will take the bankruptcy judge. But what we do is, if we decide the BAP is wrong, we go ahead with it in the bankruptcy court, and then BAP understands it's wrong. And in order for us to determine the BAP was right, we have to be able to get around Supreme Court cases and Ninth Circuit cases that seem to look the other direction and say that they're more important than the First Circuit BAP. Correct. And so what you should do – what I would submit you should do is vacate the bankruptcy court's judgment to the extent that it dismissed the 727D claim for lack of jurisdiction, and due to the waiver of the argument here on appeal, remand with instructions to reinstate the original judgment. Thank you very much. You're a patient man, both of you. Thank you so much for your argument. We'll stand and recess for today.
judges: Wallace, Christen, Watford